**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN OPEN COURT
U.S.D.C. - Atlanta

NOV 07 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>REGINALD PIERCE | Criminal Indictment<br><br>No. **1:23CR-358** |

THE GRAND JURY CHARGES THAT:

**Count One**

On or about May 30, 2023, in the Northern District of Georgia, the defendant, REGINALD PIERCE, knowing that he had been previously convicted of at least one of the following offenses, each of which was a crime punishable by imprisonment for a term exceeding one year:

1. Armed Robbery, on or about April 28, 2014, in the Superior Court of Fulton County, Georgia;

2. Possession of a Firearm During Commission of a Felony, on or about April 28, 2014, in the Superior Court of Fulton County, Georgia;

3. Aggravated Assault, on or about January 9, 2018, in the Superior Court of Tattnall County, Georgia;

4. Violation of Street Gang Terrorism and Prevention Act, on or about January 9, 2018, in the Superior Court of Tattnall County, Georgia;

5. Riot in a Penal Institution, on or about January 9, 2018, in the Superior Court of Tattnall County, Georgia;

did knowingly possess a firearm, that is, a Glock, .357-caliber semiautomatic pistol affixed with a conversion device, said possession being in and affecting interstate and foreign commerce, all in violation of Title 18, United States Code, Section 922(g)(1).

## Count Two

On or about May 30, 2023, in the Northern District of Georgia, the defendant, REGINALD PIERCE, did knowingly possess a machine gun as defined in Title 18, United States Code, Section 921(a)(24) and Title 26, United States Code, Section 5845(b), that is, a Glock .357-caliber semiautomatic pistol affixed with a conversion device, a part designed and intended solely and exclusively for use in converting a weapon into a machinegun, in violation of Title 18, United States Code, Sections 922(o) and 924(a)(2).

## Count Three

On or about May 30, 2023, in the Northern District of Georgia, the defendant, REGINALD PIERCE, did knowingly and intentionally possess with intent to distribute a controlled substance, said act involving at least 40 grams of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(B), all in violation of Title 21, United States Code, Section 841(a)(1).

## Count Four

On or about May 30, 2023, in the Northern District of Georgia, the defendant, REGINALD PIERCE, did knowingly possess a firearm, that is, a Glock, .357-caliber semiautomatic pistol affixed with a conversion device, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), as charged in Count Three of this Indictment, all in violation of Title 18, United States Code, 924(c)(1)(A)(i).

## Forfeiture

Upon conviction of one or more of the offenses alleged in Counts One through Two and Four of this Indictment, the defendant, REGINALD PIERCE, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the commission of the offenses.

Upon conviction of the offense alleged in Count Three of this Indictment, the defendant, REGINALD PIERCE, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of said violation and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violation, including, but not limited to, the following:

MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of the offense alleged in Count Three of this Indictment.

If, as a result of any act or omission of the defendant, any property subject to forfeiture:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States intends, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property.

A ___True___ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

*Lauren E. Renaud*
LAUREN E. RENAUD
*Assistant United States Attorney*
DC Bar No. 1672511
Georgia Bar Pending

4

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181